**FILLEGAR v WALKER**

Ohio Appeals, 1st Dist, Hamilton Co

No 5097.   Decided Oct 26, 1936

Nichols, Speidel & Nichols, Batavia, for appellee.

Gregor B. Moorman, Cincinnati, for appellant.

**OPINION**

By ROSS, PJ.

This is an appeal on questions of law from the Court of Common Pleas of Hamilton County.

The appellee alleged in his petition that on December 4, 1929, he purchased from the appellant a certain farm represented to contain two tracts, one of 84 acres and the other 3.883 acres, for a consideration of $15,500; that such property was conveyed to him by a general warranty deed purporting to convey such two tracts of 84 and 3.883 acres respectively; that the appellant represented that the farm contained 87.883 acres, that he relied upon such representation and purchased the farm for the consideration mentioned, that the farm contained 25.383 acres less than represented; that appellee was ignorant at the time of purchase of such deficiency and remained so until January, 1934; that he desired to purchase an 88 acre farm, was induced by appellant to purchase the farm, that he believed the farm to contain 88 acres, that a farm of 88 acres similar to that purchased, December 4, 1929, was reasonably worth $15,500, and that a farm similar to that purchased containing only 62½ acres was reasonably worth the sum of $11,700.

The appellee prays for judgment of $3800.

The answer admitted the sale of the farm and alleged that the deed described the farm accurately by metes and bounds, that the deed contained no express warranty of acreage, that the only mention thereof is in connection with a description of the property.

The answer denies that the farm with the improvements was not worth $15,500. The answer concludes with a general denial.

No reply was filed to this answer.

The case was tried to a jury resulting in a verdict of $2000 for the plaintiff appellee.

It is not disputed that the metes and bounds description in the deed was absolutely correct, nor is it claimed that there was any express covenant as to acreage or any statement as to acreage except the "more or less" statement following the metes and bounds description.

At the outset it is important to bear in mind that this is an action brought by a purchaser of real estate against the vendor

for damages for a deficiency claimed to exist, in the statement of acreage following the description in a deed. Nowhere in the pleadings or in the evidence does it appear that the appellant knew or should have known the exact acreage in the tract. The contrary appears from the evidence of the appellee. The farm had been known for years as an 88 acre farm; was on the tax duplicate as such; was carried in an old atlas for Clermont County as such. The book was commonly used and accepted as correct by real estate men in the county.

A witness for the appellee testified:

"Q. Now Mr. Ragland, let me ask you this, you say your farm contains 88 acres?
A. Yes sir.
Q. Did you have it surveyed?
A. No sir.
Q. Are you sure it has 88 acres?
A. Well it is not far from it because I measured it with a wheat drill.
Q. Do you know what this farm of Pilleger's contains in acres?
A. Only just what the deed calls for, I know what that calls for.
Q. Who did you speak to about this, how do you know what the deed calls for?
A. Well my uncle always said it called for that.
Q. And your uncle is the man who sold it to Mr. Walker?
A. Yes, sir.
Q. And you always understood that that farm had 88 acres?
A. Yes, sir.
Q. And everybody else always understood the same thing?
A. Yes, sir, but the survey says not.
Q. Just a minute, have you seen the survey of Clermont County?
A. Yes, I have seen one of them.
Q. (Showing book to witness) Doesn't that say on this, farm 84 acres?
A. Yes.
Q. And this says 3.883 acres, does it not, doesn't this atlas show this to be what you said it was, that is approximately 88 acres?
A. Well it is not there, they claim.
Q. Who claims?
A. The surveyor.
Q. Who is the surveyor?
A. Val Rule."

Any possible inference of fraud on the part of appellant is completely negatived by the evidence of the appellee. He was a practical farmer. He examined the farm carefully before buying it. He lived upon it, farmed it, associated with his neighbors, all for more than four years before he discovered that his farm contained 25 acres less than he and his grantor supposed it contained. He only discovered it when he applied for a loan from an institution outside the state.

That his grantor was wholly innocent of either fraud or negligence is conclusively shown by the plaintiff's own evidence and his petition does not attempt to allege the contrary.

What is the position then of the appellee in this action at law which he has instituted to recover for a deficiency after four years occupation of the premises?

We quote from the syllabus of **Taylor v Leith, 26 Oh St, 428,** paragraphs 3 and 4:

"The defendant requested the court to instruct the jury: 'That to constitute fraud there must have been bad faith on the part of the defendant; that is, the representations by the defendant must have been not only false, but known by the defendant to be false, or such as he had no good reason to believe to be true.'

"This instruction the court refused to give as asked, but gave it with the following addition: 'or did not know to be true' —HELD, that the instruction as given was calculated to mislead the jury by giving them to understand that representations which were untrue in fact would give a cause of action, although they may have been founded in mere mistake.

"If the representations on which the action is founded were, when made, believed to be true, and the facts of the case were such as to justify the belief, there would be no fraud and there could be no recovery."

This case has been consistently followed as good law. Even in cases such as **Bleason v Bell, 91 Oh St, 268, 276,** where its application is distinguished, it is approved as good law.

In **Parmlee, Admr., etc. v Adolph, 28 Oh St, 10, 20,** it is followed:

In commenting upon Taylor v Leith in **Mulvey v King, 39 Oh St, 491, 494,** the court say:

"In the case of **Taylor v Leith, 26 Oh St, 428,** which was an action brought to recover damages for fraudulent representations in the sale of lands, it was held that the instruction given by the Court of Common Pleas was calculated to mislead the jury, by giving them to understand that the representations which were un-

true in fact would give a cause of action, although they may have been founded in mere mistake; and, in the opinion of the court, White, J., says: "The present action is brought to recover damages for fraud or deceit practiced in the sale of land. To constitute a cause of action there must be bad faith. If the representations, when made, were believed to be true, and the facts of the case were such as to justify the belief, there is no fraud or deceit, and there can be no recovery.'

"In the case of **Aetna Ins. Co. v Reed, 33 Oh St, 283,** it was held that an action would lie for a false representation of a material fact, whether the party making it knew it to be false or not, if he had no reason to believe it to be true, and it was made with the intention of inducing the person to whom made to act upon it, and he did so, sustaining a damage in consequence. The principle upon which a person is held liable for damages in such a case is, that one who causes damage to another by inducing him to act upon representations false in fact, and which the person making them had no reason to believe to be true, is guilty of such gross negligence as in law is regarded as a fraud.

"It may be considered as well settled in this state, by the cases above cited, that an action for damages caused by misrepresentation cannot ordinarily be maintained, without proof of actual fraud, or such gross negligence as amounts to fraud. When, however, a person claims the benefit of a contract into which he has induced another to enter by means of misrepresentations, however honestly made, the same principles cannot be applied."

The court draws a distinction between an action maintained by the purchaser and one instituted by the vendor. The same distinction is made in **Carr et v Miller, 2 Oh Ap, 430.**

This is not a suit in equity where rescission is sought, accompanied by an offer to place in status quo. Cases, therefore, concerning such facts are not in point. Such is the case of **Irwin v Wilson, 45 Oh St, 426.**

This court followed the principles laid down in Taylor v Leith and Mulvey v King, supra, **Johns v Hopper, 26 C.C. (N.S.) 452.**

There being neither allegations nor proof of actual fraud upon the part of the appellant, or any evidence that the representations were of a character which from their very nature showed that the appellant must have known them untrue, or even with reasonable care might have known

them untrue, the appellee must fail in this action.

There was no special covenant of warranty affecting the acreage. The most that could be said would be that the statements at the end of the descriptions "containing 84 acres more or less (84A)"—"containing Three acres and eight hundred and eighty-three thousandths acres (3.883 Acres) more or less," were again representations. There was no contract of sale. Reliance must be placed either upon the verbal statements of appellant or the words just quoted from the deed. The authorities noted apply to both.

We do not have here a case such as was considered in **Harris v Schuholz, 129 Oh St 449.**

This is not an attempt to rescind an executory contract, it is not a suit in equity where the vendor seeks performance and offered to remedy a deficiency. Nothing in the Schuholz case is contrary to the principles before noted herein.

The only case which is in apparent opposition to those noted is **Douglas v Plotkin, 13 C.C. 461.** In that case actual fraud was alleged. The syllabus of that case is as follows:

"Where the vendor in selling a lot of ground represents the lot to be one hundred feet in depth, whereas it afterwards appeared that the lot is only eighty feet in depth, and the purchaser was misled and deceived by such representations, he will be entitled to recover damages for the deficiency of ground whether the representations were wilful or innocent.

"And where such purchaser has already paid the whole purchase price before he discovers such deficiency, he may bring an action for damages, and to recover he need not prove actual fraud on the part of the vendor."

The facts are easily distinguishable from those in the instant case. The court, however, does state that neither actual fraud nor culpable negligence are necessary to predicate an action to recover for a deficiency. The conclusion is largely based upon decisions of courts in Michigan. If the case is an authority for the contention just stated we must disagree with it as expressive of the law in Ohio. No other court in this state in any case we are able to find in such an action at law, as the case at bar, under similar facts, has sustained the right of a purchaser to recover in absence of a showing of fraud or culp-

able negligence on the part of the vendor amounting to fraud. Neither of these features appear in the slightest degree in the instant case.

In 12 R.C.L., p. 276, §41, "Fraud & Deceit," it is stated:

"But mere expressions of opinion by the vendor as to the area of land sold or the number of acres which the tract contains, cannot be made the basis of a charge of fraud, at least where the opinion is honestly entertained and there is no fraudulent intent."

The motion for an instructed verdict should have been granted.

Other considerations only strengthen our conclusion. The tract in question was most irregular and quite a portion of it bordered a non-navigable stream. No account seems to have been taken of the acreage except to the bank of the stream. The appellee was presented with a deed containing an accurate metes and bounds description and as a practical farmer viewed the premises before purchasing and of course became intimately familiar therewith during the time he occupied and farmed the land. The matter of acreage was purely a problem of mathematical calculation. If the tract had been regular in shape of course this problem would have been simple.

Is the conclusion of the grantor, although supported by the conclusions of his grantors and his neighbors to be taken alone against the accurate metes and bounds description and the physical inspection by the appellee? We conclude to so hold would be to establish a harsh and unjust precedent.

It is apparent from the evidence of the appellee that he bought the farm as such and paid the purchase price not so much because of the acreage as because the farm as a whole with its improvements was in his opinion worth what he paid for it. He testified he would not have purchased it if he had known it contained less than 88 acres and yet he farmed it without suggestion or complaint for more than four years.

The judgment of the Court of Common Pleas is reversed and judgment may here be entered for the appellant.

MATTHEWS, J, concurs.