RALSTON ET AL., APPELLANTS, v. GRINDER ET AL., APPELLEES.

[Cite as Ralston v. Grinder, 8 Ohio App. 2d 208.]

(No. 5773—Decided November 9, 1966.)

*Messrs. Gibson, Bell, McDowall, More & Smith,* for appellants.

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Edward C. Kaminski,* for appellees.

HUNSICKER, J. An appeal on questions of law has been lodged in this court from a judgment rendered on the direction of a verdict by the Common Pleas Court of Summit County, Ohio, in favor of the defendants, Edward J. Grinder and Marshall B. Rickard (appellees herein).

Tommy J. Ralston and Vada Ralston, husband and wife (appellants herein), agreed to purchase the house and lot of one John T. Copper. The statements made to the Ralstons by the real estate agents, Grinder and Rickard, concerning the area of land, were to the effect that there were three acres of land in the tract to be sold. The advertisement inserted in the newspaper by the real estate agents stated that the property contained "three acres" of land. The Ralstons visited the

tract and were told by the owner that he had three acres of land. The exact boundaries were never pointed out to the Ralstons when they visited the premises, and only a general statement as to the boundary lines was made by the owner, Copper, and by the real estate agents. The width of the lot was assumed by Mr. Ralston to be 100 feet, because he was told that by the owner, and by the real estate agents.

The Ralstons moved into the property on December 1, 1962. A warranty deed for the premises, describing them as containing 1.4874 acres of land, was executed by the seller, Copper, on November 15, 1962; transferred on the county land records by the auditor on November 29, 1962; and received for record by the county recorder on the same day. On November 17, 1962, the Ralstons executed a mortgage deed to Copper, which contained a description of the land purchased as containing 1.4874 acres.

The offer to purchase signed by the Ralstons does not contain any statement as to the area of the land being sold. It does contain, among other things, the following:

"The buyer agrees to purchase the property herein in its present physical condition 'as is' and the buyer acknowledges that he has examined the same and is purchasing the same as a result of said examination and not upon representations made by the broker or any agent or salesman of the broker, the buyer further acknowledges that he has been extended the opportunity to have a registered survey made on the premises * * * and the broker has not authorized and will not be responsible for or liable on account of any inducements, promises, representations or agreements not set forth herein."

About two weeks after the Ralstons moved into the house, they received their deed and then noticed the amount of land described therein. Their action for damages, for fraud and deceit, followed. During the trial of the action, at the conclusion of all the evidence, the trial court directed a verdict for the defendants, Grinder and Rickard.

The rule we must follow is set out in the case of *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St. 469, where the court, in paragraph three of the syllabus, said:

"Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed

most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.''

In the instant case, Marshall B. Rickard, the salesman for Edward J. Grinder, the realtor, relying on the statement of John T. Copper, the vendor, told the Ralstons that the land area was three acres. This was false and, if nothing further was involved in this case, it would, under the rule of *Pumphrey* v. *Quillen,* 165 Ohio St. 343, be actionable fraud. However, we do have conduct on the part of the purchasers that indicates a responsibility on their part to have investigated that which was open and available for inspection. There was no warranty as to the quantity of land set out in the contract entered into by the parties. The property was inspected several times by the Ralstons, and the boundaries were pointed out, although somewhat indistinctly as to the rear of the property. The Ralstons could have easily checked the distance and computed the area. They executed the second mortgage which contained a description of the land by metes and bounds as well as the area of the tract. There was nothing done by Grinder and Rickard to prevent a complete inspection of the land. The Ralsons cannot, because of their failure to investigate, complain of fraud when the land area, by the execution of the second mortgage, was brought to their attention. The Ralstons cannot be heard to deny that their own negligence created the situation about which they now complain.

Under the circumstances detailed by them, they had a responsibility not unlike that which developed in the case of *Traverse* v. *Long,* 165 Ohio St. 249, where the court, at page 252, said:

''The principle of *caveat emptor* applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud * * *.''

In the case of *Fillegar* v. *Walker,* 54 Ohio App. 262, where the quantity of land sold was much less than the quantity stated by the vendor, it was deemed not to be actionable fraud where the representations were believed to be true when made and the facts were such as to justify belief.

We believe that a purchaser of real property, who, before transfer of title, executes a mortgage deed to the seller, which contains a description of, and states the area of, the land purchased, the amount of which area is contrary to the oral representations made by the seller's broker, is under a duty to investigate in order to determine whether the broker, or his salesman, has misrepresented the area of the property about to be conveyed.

In 54 A. L. R. 2d 686, Section 10, it is stated to be the rule that a "vendee of real property cannot hold the vendor for tort liability for damages for misrepresentation as to the area of the land where he learned the facts as to its quantity prior to the execution of the deed." We have a similar situation in the instant case, for we must conclude that the Ralstons knew on what land they were giving a mortgage. That mortgage was dated November 17, 1962, and the deed was not transferred of record until November 29, 1962.

It is our conclusion that, under the facts of this case, the trial court was correct in directing a verdict for the defendants, Grinder and Rickard, and the judgment must be affirmed. We find no error prejudicial to the substantial rights of the appellants, Ralston, in this case.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.