**VAN HORN, Appellee,**

v.

**PEOPLES BANKING CO., Appellee and Cross–Appellant;**

**Wyandot Industries, Inc., Appellant and Cross–Appellee.**

[Cite as *Van Horn v. Peoples Banking Co.* (1990), 64 Ohio App.3d 745.]

Court of Appeals of Ohio,
Wyandot County.

No. 16–87–38.

Decided Jan. 23, 1990.

746

*Dennis M. Fitzgerald,* for appellee and cross-appellant.

*Pfeifer & Pfeifer* and *Dennis E. Pfeifer,* for appellant and cross-appellee.

---

EDWARD J. MAHONEY, Judge.

The trial court granted a motion for directed verdict at the end of plaintiff-appellant's counsel's opening statement. We affirm.

The Small Business Administration ("SBA") purchased what was formerly the Hartley Trucking Company at a sheriff's sale on November 5, 1984. The SBA, with defendant-appellee, the Peoples Banking Company, acting as administrator, offered the property for sale at auction. Brochures advertising the property represented that it was composed of "9+" acres.

Glen Van Horn, President of appellant Wyandot Industries, Inc., was the high bidder at the auction and paid a $10,000 non-refundable deposit on the property. He signed a purchase agreement which provided in part:

"12. PURCHASER'S EXAMINATION:

"Purchaser is relying solely upon his own examination of the Real Estate, for its physical condition and character, and not upon any representations by the real estate agents involved, except for those made by said agents directly to the Purchaser in writing. Purchaser is buying this Real Estate at public auction as is, wherein and without recourse."

Van Horn had made a casual visual inspection of the property prior to the auction. At no time, however, did he conduct a title search through public records.

Van Horn received a quitclaim deed at the closing on July 24, 1985. The deed stated that the property consisted of only seven acres. According to appellant's counsel's own remarks during his opening statement, Van Horn had actual notice of the two-acre deficiency when he received the deed.

Appellant filed suit against appellee bank and SBA for fraud several months later. The case was removed to federal district court, where SBA was dismissed as a party. After the district court remanded the case to Wyandot County Common Pleas Court, appellee and cross-appellant bank moved for summary judgment. The court denied the motion, and the case went forth to trial.

Appellant, Wyandot Industries, Inc., brought this appeal upon the trial court's directing a verdict in appellee bank's favor after appellant's opening statement.

Because appellant's first two assignments of error raise interrelated issues, we address them together.

### Assignments of Error

"I. The trial court erred in granting appellee's motion for a directed verdict because such ruling was against the manifest weight of evidence and contrary to law.

"II. The Court erred by holding that the doctrine of Caveat Emptor was a complete defense to appellant's cause of action based on fraud; the trial court erred in granting a directed verdict for appellee because there were genuine issues of material fact upon which reasonable minds could differ; and the trial court erred by granting directed verdict for appellee without ruling on appellant's breach of contract and agency allegation."

The Supreme Court has recently reaffirmed the applicability of the principle of *caveat emptor* to sales of real estate:

"The principle of *caveat emptor* applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud * * *." *Layman v. Binns* (1988), 35 Ohio St.3d 176, 177, 519 N.E.2d 642, 633–634, quoting, approving, and following *Traverse v. Long* (1956), 165 Ohio St. 249, 252, 59 O.O. 325, 326–327, 135 N.E.2d 256, 259.

We hold that *caveat emptor* applies in this case. Although appellant alleges that appellee misrepresented the actual acreage, the true acreage was

easily discoverable by means of a title search. Appellant had the opportunity to investigate but failed to do so. *Caveat emptor* precludes his suit for relief now.

■■■ It is true that if appellee's alleged misrepresentations had amounted to fraud, *caveat emptor* would not obtain. *Layman, supra; Traverse, supra.* As a matter of law, however, appellant cannot prove fraud because it was not justified in relying on that misrepresentation. *Finomore v. Epstein* (1984), 18 Ohio App.3d 88, 18 OBR 403, 481 N.E.2d 1193.

■■ Appellant had no right to rely on the misrepresentation where the true facts were equally open to both parties by means of a title check. *Id.* Here, the very fact that the vendor conveyed the property by quitclaim deed was enough to put appellant on notice. At that point, it was appellant's duty to investigate the truth of any representation. *Id.*

The case of *Ralston v. Grinder* (1966), 8 Ohio App.2d 208, 37 O.O.2d 213, 221 N.E.2d 602, is on point with the one at bar. Under very similar facts, the court of appeals in *Ralston* found that the purchasers there had "a duty to investigate in order to determine whether [the vendor] has misrepresented the area of the property about to be conveyed." *Id.* at 211, 37 O.O.2d at 215, 221 N.E.2d at 604. We concur, finding, as the *Ralston* court did, that appellant "cannot, because of [his] failure to investigate, complain of fraud * * *" *Id.* at 210, 37 O.O.2d at 215, 221 N.E.2d at 604. Instead, *caveat emptor* applied to deny appellant a recovery. *Id.* at 210, 37 O.O.2d at 214, 221 N.E.2d at 604, citing *Traverse, supra,* 165 Ohio St. at 252, 59 O.O. at 326, 135 N.E.2d at 259. Thus we, like the *Ralston* court, affirm the trial court's grant of a directed verdict in favor of the vendor.

Civ.R. 50(A)(1) and (4) provide that a motion for directed verdict made on the opening statement of an opponent should be granted when:

" * * * the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *."

■■ Although statements of counsel are not evidence, the Civ.R. 50(A)(4) test is appropriately applied to the evidence the party indicates, in his opening statement, will be offered. *McCormick v. Haley* (1973), 37 Ohio App.2d 73, 76, 66 O.O.2d 132, 133–134, 307 N.E.2d 34, 36–37. Here, the opening statement, together with the pleadings, demonstrated no cause of action upon which relief could be granted, in light of the law of *caveat emptor* set forth above.

For the foregoing reasons, the directed verdict granted in this case was not against the manifest weight of the evidence. To the contrary, consistent with the Civ.R. 50(A)(4) test, reasonable minds can come to only one conclusion after construing the evidence in this case, *i.e.*, that appellant could not prove its case as a matter of law. Therefore, we overrule appellant's assignment of error I and II.

Appellant's assignment of error III and what we denominate as appellee's cross-assignment of error both relate to the same subject, the lower court's denial of appellee's motion for summary judgment. We therefore discuss these assignments of error together.

Appellant's assignment of error III provides:

"The trial court erred by granting appellee's motion for a directed verdict after it denied appellee's motion for a summary judgment when both motions had the same factual and legal basis."

Appellee's cross-assignment of error provides:

"The trial judge applying the criteria of Civil Rule 56 should have granted appellee defendant, Peoples Banking Company, a summary judgment."

This court agrees with the parties that it appears inconsistent for the lower court to deny summary judgment and grant a directed verdict based substantially on the same evidence. The same evidence which led this court to conclude that reasonable minds could not differ in finding for the appellee under Civ.R. 50(A)(4) leads this court to find that as a matter of law appellee was entitled to summary judgment under Civ.R. 56. In addition, this court notes that appellant's memorandum in opposition to summary judgment lacked the kind of evidentiary support envisioned under *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. For these reasons, then, this court overrules appellant's assignment of error III and sustains appellee's cross-assignment of error.

The trial court's grant of a directed verdict in favor of the appellee is affirmed. The trial court's denial of summary judgment to the appellee-cross-appellant is reversed.

*Judgment affirmed in part*
*and reversed in part.*

EVANS, P.J., and SHAW, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.