[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Chris Pecsok and Linda Shaw, purchased a home from defendants-appellees, Larry and Leah Proctor. Appellants filed a complaint alleging that water was infiltrating the living area of the home from an adjacent deck and that the Proctors intentionally misrepresented that they had no knowledge of the water problem. They also alleged that the Proctors breached their contract with appellants because the property was not "free from all known material defects" as warranted in the contract.
The complaint also alleged that appellants had hired defendant-appellee, Oak Surber, to inspect the property for defects. Appellants contended that he negligently performed his inspection duties in that he failed to detect and disclose the defect causing the water leak. The trial court granted summary judgment in favor of both Surber and the Proctors.
In their sole assignment of error, appellants argue that the trial court erred in granting summary judgment. They first argue that a material issue of fact existed and reasonable minds could disagree as to whether Surber met his duty of ordinary care. This assignment of error is not well taken.
The record shows that Surber performed his duties under his contract with appellants with care, skill and faithfulness. His detailed and thorough inspection report notified them of defects that were readily visible at the time of the inspection. Appellants have not demonstrated that he did not exercise ordinary and reasonable care in the execution of his contractual duties. Consequently, they failed to meet their burden of proof to show that he was negligent. See Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Stinespring v. Natorp GardenStores, Inc. (1998), 127 Ohio App.3d 213, 215-216, 711 N.E.2d 1104,1106; Wagenheim v. Alexander Grant Co. (1983), 19 Ohio App.3d 7, 14,482 N.E.2d 955, 965; Berger v. American Building Inspection, Inc. (May 2, 1997), Lake App. No. 96-L-114, unreported.
We find no issues of material fact. Construing the evidence most strongly in appellants favor, we hold that reasonable minds could come to but one conclusion that Surber was not negligent. Surber was entitled to judgment as a matter of law and the trial court did not err in granting summary judgment in his favor. See Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47; Stinespring, supra, at 215-216, 711 N.E.2d at 1106.
Appellants further argue that material issues of fact existed and that reasonable minds could disagree as to whether the Proctors committed fraud when they represented to appellants that they had never experienced the type of water problems of which they complained.
Appellants cannot demonstrate justifiable reliance upon any alleged misrepresentations by the Proctors because they were given unimpeded access to the property and the water problems in the house were open to observation and discoverable upon reasonable inspection. Surber's inspection report was detailed enough about to put a reasonably prudent person on notice about water problems related to the deck and its associated structures. The failure to discover the exact problems from which appellants' damage eventually resulted was the result of appellants' failure to hire the experts recommended in the inspection report. Consequently, appellants failed to demonstrate that all the elements of fraud were present, and, therefore, the doctrine of caveatemptor applied. See Layman v. Binns (1988), 35 Ohio St.3d 176, 178-179,519 N.E.2d 642, 644-645; Cardi v. Gump (1997), 121 Ohio App.3d 16,21-23, 698 N.E.2d 1018, 1022-1023; Tipton v. Nuzum (1992),84 Ohio App.3d 33, 37-39, 616 N.E.2d 265, 268-269; Van Horn v. PeoplesBanking Co. (1990), 64 Ohio App.3d 745, 747-748, 582 N.E.2d 1099,1100-1101; Belluardo v. Blankenship (June 4, 1998), Cuyahoga App. No. 72601, unreported.
We find no issues of material fact. Construing the evidence most strongly in appellants favor, we hold that reasonable minds could come to but one conclusion that appellants did not meet their burden to show fraud. The Proctors were entitled to judgment as a matter of law and the trial court did not err in granting summary judgment in their favor on appellants' fraud claim. See Dresher, supra, at 293, 662 N.E.2d at 274;Harless; supra, at 66, 375 N.E.2d at 47; Stinespring, supra, at 276,711 N.E.2d at 1106.
Appellants also argue that the trial court should not have granted summary judgment in favor of the Proctors on their breach of contract claim because the property was not free from all material defects as warranted in the purchase contract. The doctrine of caveat emptor does not preclude a claim for breach of an express warranty made by the seller in the sale of real estate. Mitchem v. Johnson (1966), 7 Ohio St.2d 66,70, 218 N.E.2d 594, 597; Kain v. Weitzel (1943), 72 Ohio App. 229,233-234, 50 N.E.2d 605, 607; Glickman Properties, Inc. v. Crow (Dec. 19, 1996), Cuyahoga App. No. 70577, unreported; Zajac v. Triona (Feb. 24, 1989), Wood App. No. WD-88-26, unreported.
In this case, the contract to purchase real estate specifically stated that the "[s]ellers certify that to the best of their knowledge, all fireplaces, chimneys, electrical, plumbing * * *, heating and air conditioning systems, and all other items to be included in the sale are and will be operational and free from all known material defects on the date of possession[.]" The record shows that material issues of fact exist as to whether the water problems of which appellants complained were known material defects. Consequently, the trial court erred in granting summary judgment on appellants' breach of contract claim.
The Proctors argued below that the contract was merged in the deed. Many real estate contracts sell the property "as is." See Tipton, supra
at 39, 616 N.E.2d at 269; Moore v. Daw (Dec. 22, 2000), Muskingum Apps. No. CT-2000-0014 and CT-2000-0017, unreported. An express warranty as to the condition of the property creates rights independent of the deed conveying the property and it is, therefore, collateral to the warranties contained in the deed. Consequently, the merger doctrine does not apply and appellants my recover for breach of the purchase contract. See Mayerv. Sumergrade (1960), 111 Ohio App. 237, 239-242, 167 N.E.2d 516,518-520; Zilka v. Central South Ltd. (July 19, 2000), Lorain App. No. 99CA007482, unreported; Brown v. Cuenca (Feb. 28, 1990), Paulding App. No. 11-88-21, unreported
Accordingly, we sustain appellants' assignment of error in part and we reverse that part of the trial court's judgment granting summary judgment in favor of the Proctors on appellants' breach of contract claim. We affirm the trial court's judgment in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.