DILLAHUNTY ET AL., APPELLEES, *v.* KEYSTONE SAVINGS ASSN., APPELLANTS.

(No. 4123—Decided February 27, 1973.)

APPEAL: Court of Appeals for Montgomery County.

*Mr. Michael J. Long,* for appellees.
*Mr. James D. Wais,* for appellant.

KERNS, J. On June 14, 1968, the plaintiffs, appellees herein, entered into an agreement with the defendant, appellant herein, whereby they agreed to purchase certain real estate located at 6809 North Main Street in Dayton, Ohio. On June 28, 1968, the defendant delivered to the plaintiffs a warranty deed to the premises.

Throughout the negotiations and subsequent sale of the real estate, the parties proceeded upon the theory that the parcel contained 1.7 acres whereas, in fact, it contained only .85 acres,

In early 1969 the plaintiffs discovered the mistake, and thereafter, on September 22, 1970, they commenced this action, claiming damages in the amount of $5,000. The cause was presented to the Court of Common Pleas of Montgomery County, which entered judgment in favor of the plaintiffs in the amount of $3,000. From the judgment so entered, the defendant has appealed to this court.

The only assignment of error states that the "decision to grant a verdict in favor of plaintiffs with an award of damages is improper when based upon either the weight of the evidence offered or the state of the law of Ohio at the present time."

The evidence discloses that the defendant, Keystone Savings Association, had made a loan on the property in question, and had subsequently acquired title thereto at a foreclosure sale. Keystone listed the property with a realtor who placed a "for sale" sign thereon. The plaintiffs, James M. Dillahunty and Ronald F. O'Neal, became interested in the property upon seeing the sign, and thereafter attended an open house where they examined a survey and viewed the real estate. They subsequently made an offer to purchase the lot for $23,000, which was accepted by the defendant, and the matter was closed on June 28, 1968.

The plaintiffs sold a portion of the land to the state of Ohio for highway purposes for $2,000 and thereafter, on or about January 27, 1969, the plaintiffs sold the remainder for $25,000. The discrepancy between the amount of land described in the deed and the statement that it contained 1.7 acres was apparently discovered by the highway department, and the claim for damages herein is based upon evidence that the purchasers of the property from Dillahunty and O'Neal would have paid $30,000 therefor instead of $25,000 had it not been for the mistake.

The real estate was described by metes and bounds, and the concluding paragraph of the description was as follows:

"Containing 1.711 acres. Subject to all legal highways, easements and restrictions of record."

This stipulation was contained in the deed received by

the defendant at the foreclosure sale, and it appears in the warranty deed from the defendant to the plaintiffs.

Where a deed is delivered and accepted without qualification pursuant to an agreement, the agreement merges with the deed, and no cause of action upon the agreement thereafter exists. *Fuller* v. *Drenberg*, 3 Ohio St. 2d 109; 54 Ohio Jurisprudence 2d 618, Vendor and Purchaser, Section 70. Hence, the purchasers in this case were limited to the express covenants of the deed.

As a preliminary matter, it is also significant that the plaintiffs sought no equitable relief in this action, the sole prayer of the complaint being for money damages.

In support of the judgment, the appellees rely principally upon the case of *Mulvey* v. *King*, 39 Ohio St. 491, but the *Mulvey* case has no more than peripheral application to the facts of this case. There, the action was commenced by the party responsible for the misrepresentation, and the defendant was granted relief by way of recoupment on the theory that there was no consideration for his promise. In *Mulvey*, at page 494, the court specifically recognized that an action for damages caused by misrepresentation cannot ordinarily be maintained without fraud or gross negligence.

The law of Ohio draws a distinction between an action maintained by the purchaser and one instituted by the seller. *Fillegar* v. *Walker*, 54 Ohio App. 262; *Carr* v. *Miller*, 2 Ohio App. 430. Where the seller induces the buyer to act upon misrepresentation, the seller cannot recover damages even though the misrepresentations were innocently made. *Mulvey* v. *King, supra.* However, where a purchaser claims damages for misrepresentations believed by the seller to be true when made, and the facts justified the seller's belief, there can be no recovery in the absence of a showing by the purchasers of fraud or gross negligence amounting to fraud. *Fillegar* v. *Walker, supra. Taylor* v. *Leigh*, 26 Ohio St. 428. See particularly, *Brumbaugh* v. *Chapman*, 45 Ohio St. 368.

In the present case, the plaintiffs did not allege and made no attempt to prove that the defendant intentionally

misrepresented the acreage. In fact, they candidly admitted in their opening statement that "we do not allege and we don't believe we can prove that Keystone had knowledge of this discrepancy." Under such circumstances, and in the absence of any evidence of positive misrepresentations from which knowledge might be implied in law, we perceive no theory upon which the judgment of the trial court can be sustained.

Furthermore, the principle of *caveat emptor* applies to sales of real estate relative to conditions open to observation. *Traverse* v. *Long*, 165 Ohio St. 249, 252. In the *Traverse* case, the court said:

"Where those conditions are discoverable and the purchaser had the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud. See 55 American Jurisprudence, 553, Section 79, and 91 Corpus Juris Secundum, 908, Vendor and Purchaser, Section 51."

Accordingly, the judgment of the Court of Common Pleas must be reversed.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.