37 ROBINWOOD ASSOCIATES, APPELLEE, *v.* HEALTH INDUSTRIES, INC., APPELLANT.

(No. 87AP-1076—Decided April 21, 1988.)

Wiles, Doucher, Van Buren & Boyle Co., L.P.A., Bruce H. Burkholder and James J. Brudny, Jr., for appellee.

Riley, Ucker & Lavinsky Co., L.P.A., and Timothy J. Ucker, for appellant.

MARTIN, J. Plaintiff-appellee, 37 Robinwood Associates, filed a complaint on November 18, 1986 in the Franklin County Municipal Court to recover a judgment for real property taxes for the second half of 1984 arising from the purchase of certain realty from appellant on or about April 19, 1985. Defendant-appellant, Health Industries, Inc., was served with process on November 24, 1986 and on December 22, 1986; it filed an answer which included "estoppel" as one of several affirmative defenses.

The action resulted in a trial to the court on October 6, 1987 at which judgment was entered for the appellee in the sum of $1,612.61, plus costs and interest.

Appellant timely filed its notice of appeal to this court on November 13, 1987, raising two assignments of error:

"1. The trial court erred by granting judgment for appellee because appellant's obligation to pay the disputed real estate taxes merged with appellee's acceptance of the warranty deed to the property.

"2. The trial court erred in granting judgment for appellee because the language contained in the warranty deed estops appellee from claiming that appellant is liable for the taxes owed."

The facts as developed in the record are not in genuine dispute. The parties hereto entered into an "Option Agreement" on or about December 27, 1984 in which appellee was granted an exclusive option to purchase the premises at 37 Robinwood Avenue, Columbus, Ohio, from the appellant for $100,000.

Appellee ultimately exercised the purchase option; however, no standard purchase agreement was ever prepared or executed between these parties once the option was exercised. The parties, through their respective legal counsel, each transmitted written closing instructions to the title company

which acted as the closing "agent." The actual closing took place on or about April 19, 1985 by the agent; neither party was present and no formal "closing statement" was prepared or provided. The warranty deed was accepted by the purchaser-appellee at the closing, and the recorded transfer occurred on April 22, 1985. Apparently, appellee did not physically see the deed until after its recording.

The "Option Agreement" specifically provided for the proration of property taxes to the date of closing. While the real property taxes for the second half of 1984, the subject of this appeal, were not paid at the closing, the taxes were prorated by the closing agent from January 1, 1985 to the closing date. Neither appellant nor appellee has brought any litigation against the title company closing agent; so, presumably, the agent closed this transaction according to the parties' written instructions.

The warranty deed, which was accepted by appellee, expressly provided that the premises were conveyed "[s]ubject to taxes and assessments, if any, now a lien, and subject to easements, conditions, reservations and restrictions, if any, of record" (emphasis added).

Appellee then commenced this action to recover the 1984 real property taxes with interest, plus any assessed penalty. In awarding judgment for the appellee, the trial court apparently premised its decision upon the "custom and practice" in Franklin County, i.e., a proration of all taxes then a lien to closing date, while acknowledging that "* * * once that deed is transferred, the tax bill goes to the plaintiff [purchaser] * * *."

We agree with the trial court that normally in negotiating a contract for the sale of real property, taxes and assessments constituting liens on the premises are paid by the seller and are prorated to the date of closing. Hausser & Van Aken, Ohio Real Estate Law and Practice (1985) 259, 261, Section T13.11(F). Such a contract provision is probably the accepted "custom and practice" statewide. As noted, the parties never entered into an independent purchase contract *per se* for this sale, but rather entered into an option agreement. However, once the option was exercised by appellee, a binding contract existed for the sale and purchase of appellant's real property on the conditions therein stated. See *Ritchie* v. *Cordray* (1983), 10 Ohio App. 3d 213, 215, 10 OBR 287, 289-290, 461 N.E. 2d 325, 327-328. Therefore, contractually, the parties had agreed to a proration of all taxes constituting liens as of the closing date.

As a general principle of construction, a deed is to be construed most strongly against the grantor in the resolution of any ambiguities contained in the instrument; however, a deed's language is conclusively presumed to express the parties' intention absent "uncertainty" in the language employed. Ohio Real Estate Law and Practice, *supra,* Section T15.06(B), at 298. If a grantee accepts a deed, the knowledge of its provisions is legally imputed to him; and, by its acceptance, he is bound by all of its provisions and is estopped to deny their legal effect. 35 Ohio Jurisprudence 3d (1982) 290, 291-292, Deeds, Section 58.

Appellant argues that, notwithstanding the "custom and practice" of tax prorations *or* the provisions of the "Option Agreement," under the doctrines of "merger by deed" and/or "estoppel by deed," it cannot be held liable for the taxes at issue. We agree.

The doctrine of "merger by deed" holds that whenever a deed is delivered and accepted "without qualification" pursuant to a sales contract for real

property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants of the deed only. See, generally, 80 Ohio Jurisprudence 3d (1988) 91, 93, Real Property Sales and Exchanges, Sections 58-59; *Brumbaugh* v. *Chapman* (1887), 45 Ohio St. 368, 13 N.E. 584; *Fuller* v. *Drenberg* (1965), 3 Ohio St. 2d 109, 32 O.O. 2d 91, 209 N.E. 2d 417, paragraph one of the syllabus. Cf. *Dillahunty* v. *Keystone Savings Assn.* (1973), 36 Ohio App. 2d 135, 65 O.O. 2d 157, 303 N.E. 2d 750. The doctrine has been applied to disputes over the allocation of real estate taxes as a result of a purchase and sale. *Wolfe* v. *Eckert* (1909), 9 Ohio N.P. (N.S.) 109, 21 Ohio Dec. 753.

Here, while the option agreement clearly required a proration of relevant property taxes, the warranty deed, delivered to *and accepted by* appellee without qualification, conveyed the property "[s]ubject to taxes * * * now a lien * * *." The language in both the contract and deed is clear and unambiguous, and does not require judicial "construction." Appellee accepted the deed in this form and became liable for the taxes in question. Appellee had it within its power to rectify the obvious conflict between the contract and the deed through a simple pre-closing inspection of the deed and a delay of the closing until the deed language conformed to the contract. It chose, at its own peril, not to do so. Once accepted, appellee became bound by the terms of the deed, and no cause of action existed on the prior contract against appellant. The "exceptions" to the application of the doctrine of merger by deed cited by appellee are not applicable to these facts. See *Reid* v. *Sycks* (1875), 27 Ohio St. 285, and *McGovern Builders, Inc.* v. *Davis* (1983), 12 Ohio App. 3d 153, 12 OBR 477, 468 N.E. 2d 90.

A similar result is reached by applying the equitable doctrine of "estoppel by deed." This doctrine precludes a party from denying a certain fact recited in a deed executed by *or accepted by* him in an action brought upon the instrument. See 42 Ohio Jurisprudence 3d (1983) 10, Estoppel and Waiver, Section 4, and *Cleveland Boat Service, Inc.* v. *Cleveland* (1955), 102 Ohio App. 255, 73 Ohio Law Abs. 557, 2 O.O. 2d 292, 130 N.E. 2d 421, paragraph two of the syllabus, affirmed (1956), 165 Ohio St. 429, 60 O.O. 85, 136 N.E. 2d 274. A grantee, such as the appellee, who receives and accepts a conveyance, is bound by all its provisions and is estopped to deny their legal effect. 42 Ohio Jurisprudence 3d (1983) 24, at fn. 11, Estoppel and Waiver, Section 13, and 35 Ohio Jurisprudence 3d (1982) 290, 291-292, Deeds, Section 58.

Therefore, both assignments of error are *sustained.* It is hereby ordered that the judgment of the trial court is reversed and vacated. Accordingly, the appellee's App. R. 23 motion for expenses, filed March 22, 1988, is overruled and denied. Appellant's motion to strike appellee's motion to grant damages for delay is denied. Costs to appellee.

*Judgment reversed and cause remanded with instructions.*

STRAUSBAUGH and REILLY, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.