[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
Appellant Christina M. Parker claims an interest in the real estate and building located at 225 Athens Street, Jackson, Ohio [hereinafter the 225 Athens Street property]. Appellant brought an action for partition of this property against appellee Michael Brent Parker [hereinafter appellee], the Milton Banking Company of Wellston, Ohio, and the Treasurer of Jackson County, Ohio. Appellant also sought an accounting and other relief relating to this property. The trial court granted summary judgment in favor of appellee. Appellant timely filed an appeal of that judgment.[1] We affirm the judgment of the trial court.
 STATEMENT OF THE CASE
Appellant and appellee dissolved their marriage on October 12, 1990. At the time of the dissolution, the parties owned three parcels of real estate in Jackson, Ohio: the marital residence, a garage and business located at 217 Athens Street, Jackson, Ohio [hereinafter the 217 Athens Street property], and the 225 Athens Street property. The separation agreement, which was incorporated into the decree of dissolution of marriage, granted appellant sole ownership of the marital residence and appellee sole ownership of the 217 Athens Street property. The parties agreed to divide the 225 Athens Street property as follows:
 The parties hereto are owners of certain real property located at 225 Athens Street, Jackson, Ohio 45640. Said property shall remain the property of both parties jointly, with the rights of survivorship. Said property shall be sold and the proceeds divided equally between the parties hereto. Both parties shall be in agreement prior to said property being sold.
On January 24, 1991, appellant executed a quitclaim deed to appellee for the 225 Athens Street property with the following reservation:
 This transfer is subject to rights as stated in the Decree of Dissolution of Marriage, Jackson County Common Pleas Court, Jackson, Ohio, and being Case No./90-DOM-139./
On August 17, 1998, appellant filed the instant action, styled as a "Complaint for Partition of Real Estate."
In her complaint, appellant set forth four causes of action. The first cause of action alleged that appellant owned an undivided one-half interest in fee simple in the 225 Athens Street property. Appellant further alleged that the separation agreement, incorporated into the final decree dissolving the parties' marriage, required the sale of the property and the equal division of the proceeds between the parties. Appellant claimed that appellee refused either to sell the property or to purchase her interest at fair market value. Finally, appellant claimed in this first cause of action that appellee has encumbered the property with a mortgage and a tax lien.
In her second cause of action, appellant claimed an interest in rents potentially available from the property for the eight years between the final decree of dissolution and the filing of her complaint in the instant case. Appellant's third cause of action alleged that appellee neglected the building, thereby causing waste and damaging her interests. In her final cause of action, appellant alleged appellee encumbered the building with a mortgage executed on March 26, 1993, without her permission, thereby damaging her interest in the property.
Appellant sought various forms of alternative relief, including partition or sale of the property, as well as an accounting and judgment against appellee for her share of any rents and profits due. Appellant also sought damages for any waste caused by the action, or inaction, of appellee, the marshaling of liens and a finding that her interest in the property has priority over any lien held by the Milton Banking Company.
Appellee filed his motion for summary judgment December 10, 1998. Appellee claimed that the quitclaim deed executed by appellant in 1991 transferred all of her interest in the property to him, except for any equitable interest reserved in that deed. Appellee claimed that any remaining equitable interest retained by appellant did not legally entitle her to maintain the partition action. The trial court agreed, granting appellee's motion for summary judgment on March 26, 1999. The trial court found that appellant transferred all of her interest and title in the property to appellee when she executed the quitclaim deed. The trial court further found that appellant has neither title to, nor immediate right to possession of, the subject property. Hence, the trial court concluded as a matter of law that appellant could not maintain an action for partition of the 225 Athens Street property.
Appellant filed a timely appeal to this judgment and assigns a single assignment of error for our review:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 OPINION
On an appeal from the grant of a motion for summary judgment, we conduct a de novo review, applying the same standards as the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103,614 N.E.2d 765. Summary judgment is appropriate when there is no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56 (C);Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267, 274.
Appellant advances two primary arguments in support of her sole assignment of error. Appellant argues that the trial court erred in finding that she had no interest in the 225 Athens Street Property. She contends that the quitclaim deed reserved for her a sufficient legal interest in the subject property to support a partition action. In the alternative, appellant argues that the trial court erred in its interpretation of the language in the quitclaim deed. Appellant claims that a genuine issue of material fact exists as to the intention of the parties at the time of execution of that quitclaim deed, thus rendering summary judgment inappropriate.
As a third argument, appellant calls our attention to a mistake in the journal entry in which the trial court found that the appellant has no interest in "217 Athens Street," Jackson, Ohio. As appellant argues, she has never claimed any interest in the 217 Athens Street property. However, we find that the reference in the trial court's judgment entry to the 217 Athens Street property is a clerical error that does not affect the validity of the trial court's judgment. From our review of the record, it is clear that the trial court's judgment entry determines appellant's interest in the 225 Athens Street property, and not the 217 Athens Street property. Pursuant to Civ.R. 60 (A), we suasponte grant leave for the trial court to correct its judgment entry to refer to the 225 Athens Street property.
The trial court found that appellant is not entitled to bring an action for partition of the 225 Athens Street property because appellant does not have any legal title to the property. Under R.C. 5307.01, the right to partition is available to "[t]enants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within [Ohio]." In order to bring an action to partition real property, one must have legal title to at least a portion of the property, as well as possession or an immediate right to possession of the property.Bryan v. Looker (1994), 94 Ohio App.3d 228, 231, 640 N.E.2d 590,592.
In the instant case, the trial court granted summary judgment to appellee on the basis that appellant could not maintain an action for partition because she had transferred all of her legal title to the 225 Athens Street property to appellee by quitclaim deed. Appellant argues that the trial court erred in its construction of the quitclaim deed. She contends that the deed reserves for her sufficient rights in the 225 Athens Street property to maintain a partition action. In the alternative, appellant argues that the deed is ambiguous, and that a genuine issue of material fact exists as to exactly what interest appellant and appellee intended for appellant to maintain after signing the deed.
As appellant argues, the construction of a written instrument, including a deed, is a question of law that we review de novo.Long Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574,697 N.E.2d 208. We presume that the deed expresses the intention of the parties at the time that they executed the deed. 37 RobinwoodAssn. v. Health Industries, Inc. (1988), 47 Ohio App.3d 156,547 N.E.2d 1019. We may not interpret the parties' intent in a manner contrary to the clear, unambiguous language of the deed.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,374 N.E.2d 146. Words in the deed must be given their plain, ordinary meaning, "unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the instrument." Id. at 245-246, 374 N.E.2d at 150.
The quitclaim deed signed by appellant purports to transfer her interest in the 225 Athens Street property to appellee. The deed contained a reservation clause, however, which provides that the transfer is "subject to the rights as stated in the Decree of Dissolution of Marriage." Thus, to determine what property rights appellant transferred to appellee and what rights she retained, we must refer to the separation agreement, which was incorporated into the decree of dissolution of marriage.
The separation agreement provided for the following disposition of the 225 Athens Street property:
 (1) The parties retained joint ownership, with rights of survivorship;
(2) The property was to be sold at an unspecified date;
 (3) Proceeds of the sale were to be divided equally between the parties; and
 (4) Sale of the property was subject to the agreement of both parties.
The two most important rights provided for in the separation agreement are the right to joint ownership of the 225 Athens Street property, and the right to receive half of the proceeds of any sale of the property. Construing the quitclaim deed in light of the separation agreement, the clear intent of the parties was that appellant would give up her right to joint ownership of the property, but would retain her right to receive half of the proceeds from any sale of the property. Had the parties intended for appellant to retain her right to joint ownership of the property, the quitclaim deed would be completely meaningless. It would be a "manifest absurdity" to construe the deed in a way that renders it null and void. Similarly, had the parties intended for appellant to give up her right to receive half of the proceeds of any sale of the property, appellant would be left without any meaningful rights under the separation agreement. It would be "manifestly absurd" to construe the deed in a way that reserves rights for appellant, but renders those rights meaningless.
We find that the quitclaim deed is not ambiguous, and that it transferred to appellee all of appellant's legal title in the 225 Athens Street property. We further find that the deed retained for appellant the right to an equal distribution of the proceeds of any sale of the property. Because appellant transferred all of her legal title to the 225 Athens Street property, the trial court correctly held that appellant may not maintain an action for partition of that property. Bryan, supra.
We note that our decision does not preclude appellant from seeking to force the sale of the 225 Athens Street property pursuant to the separation agreement. It appears that the parties may have intended for the separation agreement to require sale of the property, rather than merely providing for the disposition of the proceeds in the event that the property is sold in the future. However, such a determination should be made by the domestic relations court, pursuant to its authority to interpret and enforce its own judgments and orders. In re Dissolution ofMarriage of Seders (1981), 42 Ohio App.3d 155, 536 N.E.2d 1190; R.C. 3105.65 (B).
For the reasons stated above, appellant's sole assignment of error is OVERRULED and judgment of the trial court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment and Opinion.
 _________________________ David T. Evans, Judge
[1] Neither the Milton Banking Company nor the Treasurer of Jackson County, Ohio, entered an appearance or briefed any of the issues in this appeal.