OPINION
{¶ 1} On March 25, 1998, appellant, Norman Warne, executed a deed and conveyed his property to appellee, Gertie Dickey. At the time of this conveyance, appellant was incarcerated. Following his release from prison in October of 1999, appellant requested the return of his property pursuant to an alleged promise between the parties. Appellee refused.
 {¶ 2} On July 16, 2001, appellant filed a complaint against appellee seeking equitable relief. Appellee filed a motion for summary judgment on July 5, 2002. By judgment entry filed September 5, 2002, the trial court granted said motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "PROMISSORY ESTOPPEL, AN EXCEPTION TO THE STATUTE OF FRAUDS, PREVENTS USE OF THE STATUTE TO PERPETUATE FRAUD."
 II {¶ 5} "SUMMARY JUDGMENT SHOULD NOT BE GRANTED WHEN CONSTRUING THE EVIDENCE MOST STRONGLY IN FAVOR OF THE PARTY AGAINST WHOM THE MOTION IS MADE GENUINE ISSUES OF MATERIAL FACT EXIST."
I, II
 {¶ 6} Appellant claims the trial court erred in granting summary judgment to appellee based upon the application of the statute of frauds. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 10} R.C. 1335.04 governs interest in land to be granted in writing and states the following:
 {¶ 11} "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."
 {¶ 12} R.C. 1335.05 governs certain agreements to be in writing and states the following in pertinent part:
 {¶ 13} "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 14} In Marion Production Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, paragraphs three and four of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 15} "3. Whether the alleged misrepresentation is of a promise of future performance or of a then-present fact, it will not defeat the operation of the Statute of Frauds unless such fraudulent inducement is premised upon matters which are wholly extrinsic to the writing. The Statute of Frauds may not be overcome by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing. Accordingly, an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms.
 {¶ 16} "4. When a party voluntarily places his signature upon a note or other writing within the Statute of Frauds, and where that party's sole defense to an action brought upon the writing is that a different set of terms was orally agreed to at that time, such defense shall not be countenanced at law regardless of the theory under which such facts are pled. In such event, the writing alone shall be the sole repository of the terms of the agreement."
 {¶ 17} It is undisputed appellant signed a warranty deed on March 25, 1998 as grantor and conveyed his property to the grantee, appellee, and this conveyance is the only writing memorializing their transaction. Warne depo. at 42; Plaintiff's Exhibit B. In his deposition at 46, appellant admitted appellee was not the person who promised the return of his property. Appellant's nephew, John Rothwell, mentioned it during a telephone conversation. Appellant presented Plaintiff's Exhibit A dated March 19, 1998, a document signed by appellee and the only document she ever signed. Id. at 18. Said document states the following:
 {¶ 18} "As agreed upon for property on Endley Rd, Cambridge Ohio, owned by Norman Warne.
 {¶ 19} "Upon release from prison — Norman Warne will have:
 {¶ 20} "1) 5 acre tract of land on Endley Rd, across from property owned by Tom and Theresa Rothwell, surveyed and 12 x 16 mobile home set up.
 {¶ 21} "2) Property on Rt 40 — can be sold and I, Gertie Dickey, and John Rothwell Jr. will sign for deed transfer at the time of sale, and money will go to Norman Warne — minus taxable income at the time of transfer."
 {¶ 22} The evidence on point presented to refute the validity of the deed was the affidavit of Theresa Rothwell filed August 12, 2002 and the untimely filed affidavit of John Rothwell filed August 14, 2002. Both aver appellee promised to reconvey the property to appellant upon his release from prison.
 {¶ 23} Appellant argues these affidavits created genuine issues of material fact entitling him to a jury trial on the issue.
 {¶ 24} In order to prevail, we must find the facts sub judice qualify for equitable relief outside the provisions of R.C. 1335.04 and1335.05. Appellant claims the doctrine of promissory estoppel is available or in the alternative, a constructive trust arose on behalf of appellant based upon the assurances of appellee.
 {¶ 25} The only promises or agreements in writing are the warranty deed of March 25, 1998 and the agreement of March 19, 1998 cited supra. Even considering the doctrine of merger, neither of these documents promises what appellant prays for, the rescission of the deed and the return of his property.[1]
 {¶ 26} We concur with the trial court that the evidence presented supports the conclusion that appellee never promised appellant anything other than the March 19, 1998 agreement and that no constructive trust arose.
 {¶ 27} The statute of frauds is designed to protect the integrity of the warranty deed and its conveyance. Assuming arguendo there was a promise to return the property, the March 19, 1998 document permits the sale of the property and does not promise any reconveyance which would be impossible after a sale.
 {¶ 28} We concur with the trial court's assessment that the promissory estoppel evidence did not rise to a level to rebut the presumption mandated by R.C. 1335.04 and 1335.05. The trial court did not err in granting appellee's motion for summary judgment.
 {¶ 29} Assignments of Error I and II are denied.
 {¶ 30} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P, J. and Wise, J. concur.
[1] `The doctrine of "merger by deed" holds that whenever a deed is delivered and accepted "without qualification" pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants only. 37 Robinwood Associates v. HealthIndustries (1988), 47 Ohio App.3d 156, 157-158.