OPINION
{¶ 1} This is an appeal from an order dismissing an action for declaratory and other relief concerning a road that was installed across the co-plaintiffs' adjoining properties against their opposition. The trial court found that the installation was pursuant to an easement created by a dedication for that purpose in favor of Butler County by coplaintiffs' predecessors in interest, and was therefore valid. We agree, and will affirm.
 {¶ 2} In 1972, Carthal and Donna Jean Zimmerman platted a subdivision on their real property located along the east side of Liberty-Fairfield Road. The subdivision was named First Addition to County View Estates Subdivision. As platted, the Zimmerman property was subdivided into lots situated on the north and south sides of a proposed new street, Randall Drive, which was to run perpendicular to Liberty-Fairfield Road in an eastward direction. The Zimmermans retained a lot of approximately 4.73 acres at the east terminus of Randall Drive. The plat instrument dedicated a turnaround easement where Randall Drive ended at the Zimmermans' lot, which was marked: "Temporary turnaround easement to be automatically vacated when street is extended."
 {¶ 3} In 1985, the Zimmermans, desiring to develop their 4.73 acre lot, sought a variance from the Butler County Board of Zoning Appeals allowing their one lot to be subdivided into two lots. The north/south property line of the proposed two lots ran eastward from Randall Drive where it ended at the Zimmermans' property. Because neither of the two new lots would have the required frontage on a dedicated roadway, the Board of Zoning Appeals approved the lot split subject to several stipulations in Board Resolution 85-48. The resolution provides that each lot must contain but one single-family dwelling, that each lot must be subject to a 30-foot easement allowing a future eastward extension of Randall Drive across their north/south boundary, and that the easements must be a part of any deed or deeds conveying the lots.
 {¶ 4} Subsequently, a plat authorizing the division of the Zimmermans' property into two lots was presented to and approved by the Butler County Engineer. The plat contains a description of the future roadway easement required by the variance that the Board of Zoning Appeals had granted the Zimmermans.
 {¶ 5} On December 23, 1985, the Zimmermans conveyed both lots into which their property had been divided by warranty deed to Carthal's brother and sister-in-law, Leland and Betty J. Zimmerman. The deed contains the following recitation in the legal description of both lots:
 {¶ 6} "* * * being subject to the turn-around easement shown on the Plat of County View Estates Subdivision, First Addition, and also to aneasement which, upon request of the County, may be used for a publicroad, said easement being 30.00 feet wide, taken evenly off the{south/northerly} side of the above described, and being for a futureeastward extension of Randall Drive.
 {¶ 7} "Also said above is subject to a drainage easement * * *
 {¶ 8} "Pursuant to the Butler County Board of Zoning Appeals, Resolution No. 85.48, both of the above described tracts are restricted to single family dwellings. Further both tracts are subject to a 30.00foot easement, as shown on the Plat, for the purpose of future expansionof Randall Drive, as well as 10.00 foot construction easement." (Emphasis added.)
 {¶ 9} Leland and Betty J. Zimmerman subsequently conveyed the northern of their two lots to plaintiffs David and Karen S. Taylor by warranty deed. The deed of conveyance provides that the Taylors' lot is:
 {¶ 10} "subject to the turn-around easement shown on the Plat of County View Estates Subdivision, First Addition, and also to an easementwhich, upon request of the County, may be seen [sic] for a public road,said easement being 30.00 feet wide, taken evenly off the south side ofthe above described, and being for a future eastward extension of RandallDrive.
 {¶ 11} "* * *
 {¶ 12} "The plat of the herein tract is recorded in Volume 16, page 136 of the Butler County Engineer's Records." (Emphasis added.)
 {¶ 13} The Taylors' deed also refers to the Butler County Board of Zoning Appeals Resolution granting the variance, referencing the single family dwelling restriction and the roadway easement. The records of the Butler County Recorder contain two mortgages of the Taylors' property. Both mortgages reference "an easement, which, upon request of the county, may be seen [sic] for a public road * * *."
 {¶ 14} In August of 1988, Leland and Betty Zimmerman reconveyed to themselves by survivorship deed the lot they had retained. The deed contains the same language referencing an easement quoted above from the deed that had conveyed the property to Leland and Betty Zimmerman in December of 1985.
 {¶ 15} Leland and Betty Zimmerman constructed a home on their lot and resided there until May 1993, when they conveyed the property to plaintiffs Ronald and Michelle Turner by warranty deed. This deed stated that the property conveyed is "subject to easements and restrictions of record, if any."
 {¶ 16} To the east of the Taylors' and the Turners' lots was a parcel of land owned by Calvin S. Rufener. In May of 1999, defendant James M. Dixon purchased fifty seven acres from Rufener. The Dixon property was landlocked, and it abutted the east side of Taylor and Turner lots.
 {¶ 17} Dixon sought to plat twenty-nine acres of his newly-purchased land into a subdivision to be named the Country Oaks Subdivision. The new subdivision had no dedicated roadway frontage except that which would be created by an extension of Randall Drive in an eastward direction, across the Taylor and Turner properties, straddling their joint property line. Therefore, preliminary approval of the subdivision plat granted by the Butler County Planning Commission on April 15, 1999, was subject to the following condition: "The existing `future Roadway Easement' for Randall Drive that is to be dedicated and constructed in accordance with the standards set by the Butler County Engineer. This dedication must take place along with, or prior to, the recording of this subdivision."
 {¶ 18} Dixon asked the Taylors and Turners to agree to the extension of Randall Drive across and along their joint property line from where it terminated to connect with Dixon's new subdivision. They refused to agree.
 {¶ 19} On July 23, 1999, the Butler County Engineer advised Dixon by letter that the extension of Randall Drive had been approved. Subsequently, Dixon entered onto the Taylor and Turner properties and bulldozed a road along their joint property line, extending Randall Drive east to Dixon's Country Oaks Subdivision. Controversy ensued, and after the Butler County Prosecutor expressed reservations about Dixon's authority to act as he did, the Board of Commissioners of Butler County on September 27, 1999, adopted Resolution 99-9-1578, which states:
 {¶ 20} "The Board of County Commissioners hereby expressed its intention to accept and it hereby accepts an easement for public roadway purposes as the same is depicted on a Plat of survey recorded in Volume 16, Page 136 of the Butler County Engineer's Records and as the same is described in the language of the following deeds Deed Book 1544, Page 427; Deed Book 1738, Page 434; and Deed Book 1643, Page 524, all of which concern an extension of Randall Drive in Liberty Township, Butler County, Ohio. Said deeds are attached to this Resolution as Exhibits A-1, A-2, and A-3.
 {¶ 21} "The Board of County Commissioners recognizes a controversy exists between property owners in the vicinity as to the proper legal creation and existence of this easement. It is the Board's desire to bring this easement into existence in accordance with the foregoing deeds and its sense that the establishment of this easement is just and fair and in accordance with understanding of the parties involved in the proceedings of the Butler County Zoning Board leading to the passage of Zoning Board Resolution 85-48."
 {¶ 22} The Taylors and Turners subsequently commenced the underlying action against the Board of Commissioners, Dixon and his company, Dixon Builders LLC, all the owners of lots in the Country Oaks subdivision, their mortgagee, and several public utilities that maintain service lines running beneath the Randall Road extension. The Plaintiffs asked the court to declare that Dixon had no right to install the road across their property, and that the Board of Commissioners Resolution 99-9-1578 is void absent such a right. They further asked the court to quiet their title to the land and to permanently enjoin the Board of Commissioners from allowing a road across their land absent either (1) a proper dedication of the land by plaintiffs for that purpose or (2) an appropriation action and relief.
 {¶ 23} The trial court, in several separate orders, granted motions to dismiss in favor of all the defendants. The Taylors filed a timely notice of appeal. The Turners did not appeal.
 {¶ 24} Assignment of Error
 {¶ 25} "The trial court erred to the prejudice of plaintiff-appellants in granting the motions to dismiss of defendant wells fargo and other defendants, on the basis that plaintiffs had failed to state a case on which relief could be granted."
 {¶ 26} Civ.R. 12(B)(6) authorizes dismissal of complaints which fail to state a claim upon which relief can be granted. A motion to dismiss on those grounds tests the legal sufficiency of the pleadings in the complaint. Therefore, the motion may not rely on evidence outside the complaint. However, per Civ.R. 12, when "such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." It appears that the court did that in the present case.
 {¶ 27} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles
(1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1.
 {¶ 28} The Taylors make two principal arguments on appeal. They first argue that no valid easement existed to allow the extension of Randall Drive across the propertyline they share with the Turners. They also argue that, even if an easement of some kind was offered to Butler County through a prior dedication of private lands for that purpose, the offer of dedication had not been accepted so as to create an easement when Dixon extended Randall Drive. Both contentions lack merit.
 {¶ 29} "An easement is an interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose." Black's Law dictionary (8th Ed. 2004) 548. Being an interest in lands, and pursuant to Ohio's Statute of Frauds, an easement may not be "granted except by deed, or note in writing, signed by the party . . . granting it . . . or by act and operation of law." R.C. 1335.04.
 {¶ 30} "Dedication" is a voluntary and intentional gift or donation of land, or of an easement or other interest therein, for some public use, made by the owner of the land and accepted for such use, by or on behalf of the public. Snyder v. Monroe Township Trustees (1996),110 Ohio App.3d 443.
 {¶ 31} R.C. 5553.31 states, in pertinent part:
 {¶ 32} "Any person may, with the approval of the board of county commissioners, dedicate lands for road purposes. A definite description of the lands to be dedicated with a plat of such lands thereto attached and signed by the party dedicating such lands, with the approval and acceptance of the board indorsed thereon, shall be placed upon the proper road records of the county in which such road is situated."
 {¶ 33} R.C. 711.01 authorizes creation of subdivisions of lands that have been surveyed "by having a plat of it made by a competent surveyor. The plat shall particularly describe the streets, alleys, commons, or public grounds . . ." Roads or streets in platted territories outside municipalities may be dedicated pursuant to R.C. 5553.31. 1949 Ohio Atty.Gen.Ops. No. 1209. A board of county commissioners is authorized to locate and establish roads thus dedicated. R.C. 5553.02.
 {¶ 34} The Taylors contend that, because no easement was created by deed, the Statute of Frauds requirement in R.C. 1335.04 is not satisfied. They also argue that a proper easement necessarily runs in favor of a grantee, and therefore cannot run in favor of a third party such as Butler County.
 {¶ 35} Butler County is not a third party to conveyance of an easement. It is instead a donee of a dedication of lands for road purposes pursuant to R.C. 5553.31. Further, the dedication is sufficient to create a form of easement for that purpose "by operation of law," which satisfies the Statute of Frauds provision in R.C. 1335.04, if the dedication requirements of R.C. 5553.31 are satisfied.
 {¶ 36} The plat that Carthal and Donna Jean Zimmerman filed in 1985 to obtain a split of their one lot into two lots contains a description of an easement across the joint lot line sixty feet wide for the future extension of Randall Drive. That recitation is sufficient to create an R.C. 5553.31 roadway dedication by the Zimmermans. The Taylors argue that any such dedication in 1985 was nevertheless insufficient to create a dedication when Randall Drive was extended because the dedication was incomplete until it was approved and accepted by the Board of County Commissioners in 1999, when the Board adopted Resolution 99-9-1578, after Dixon had installed the extension of Randall Drive across the Taylors' and Turners' property.
 {¶ 37} R.C. 5553.31 requires approval and acceptance by a board of county commissioners before a roadway dedication is complete. However, an act of dedication continues until the wants and convenience of the public require use of the facility the dedication permits, unless the dedication is time-limited or private rights which defeat the purpose of the dedication vest in the interim. 2 Curry and Durham, Ohio Real Property Law and Practice (5th Ed.) 428, § 23-5(b)(3).
 {¶ 38} The Zimmermans' 1985 act of dedication was not time-limited. No private rights vested in the interim which defeated the purpose of the dedication, including any rights the Turners acquired when they purchased their property.
 {¶ 39} After their plat containing their roadway dedication was filed, Carthal and Donna Jean Zimmerman conveyed two lots to Leland and Betty J. Zimmerman by warranty deed containing a description of the roadway easement to which those parcels of land could be subject. The same potential easement is set out in the deed from Leland and Betty J. Zimmerman conveying one of their lots to the Taylors. The later deed by which the Zimmermans conveyed the lot they had retained to the Turners states that the rights conveyed are "subject to easements and restrictions of record, if any."
 {¶ 40} "If a grantee accepts a deed, the knowledge of its provisions is legally imputed to him; and, by its acceptance, he is bound by all of its provisions and is estopped to deny their legal effect." 37 RobinwoodAssociates v. Health Industries, Inc. (1988), 47 Ohio App.3d 156.
 {¶ 41} The Taylors took the rights which were conveyed to them to the property they purchased in 1998 subject to the inchoate R.C. 5553.31
roadway dedication established in the plat that Carthal and Donna Jean Zimmerman had recorded in 1985, which was referenced in the warranty deeds of the Taylors and their predecessors in interest. The Taylors are therefore estopped to deny the retroactive legal effect of the Board of County Commissioners' acceptance of the dedication through its adoption of Resolution 99-9-1578 in 1999, which the Board was authorized by R.C.5553.02 to adopt in order to locate and establish the Randall Drive extension. Therefore, the trial court did not err when it dismissed the action the Taylors had filed in opposition to the Resolution and the installation of the Randall Drive extension the Resolution had approved.
 {¶ 42} The assignment of error is overruled. The judgments from which the appeals are taken will be affirmed.
Brogan, J. and Fain, J., concur.
Hon. James A. Brogan, Hon. Mike Fain, and Hon. Thomas J. Grady, Court of Appeals, Second Appellate District, Sitting by Assignment of the Supreme Court of Ohio, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.